**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-1293-DOC (DFMx)                  Date:  February 21, 2019

Title: SPEAKWARE, INC. V. MICROSOFT CORPORATION ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING WITHOUT PREJUDICE DEFENDANT GOOGLE LLC'S MOTION TO STAY PENDING DETERMINATION OF *INTER PARTES* REVIEW OF THE PATENT IN SUIT [34]**

Before the Court is Defendant Google LLC's ("Google") Motion to Stay Pending Determination of *Inter Partes* Review of the Patent-in-Suit ("Motion") (Dkt. 34), in which remaining Defendants Apple Inc. ("Apple"), Microsoft Corp. ("Microsoft"), Amazon.com, Inc. ("Amazon"), and Samsung Elecs. Co., Ltd. and Samsung Elecs. America, Inc. ("Samsung") (collectively with Google, "Defendants") join. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78, Local Rule 7-15. Having considered the parties' respective arguments, the Court hereby DENIES WITHOUT PREJUDICE Defendants' Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-1293-DOC (DFMx)                      Date: February 21, 2019
                                                                            Page 2

## I.      Facts and Procedural History

On July 26, 2018, Plaintiff filed five respective Complaints in the following five actions: *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx); *SpeakWare, Inc. v. Google LLC*, Case No. SA CV 18-1299-DOC (DFMx) ("Google Action"); *SpeakWare, Inc. v. Samsung Electronics Co., Ltd. et al*, Case No. SA CV 18-1300-DOC (DFMx) ("Samsung Action"); *SpeakWare, Inc. v. Apple Inc.*, Case No. SA CV 18-1302-DOC (DFMx) ("Apple Action"); *SpeakWare, Inc. v. Amazon.com, Inc.*, Case No. SA CV 18-1303-DOC (DFMx) ("Amazon Action").

The following facts are taken from Plaintiff SpeakWare, Inc.'s ("SpeakWare" or "Plaintiff") Complaint (Dkt. 1) in the instant action and related actions.[1] Plaintiff SpeakWare is a corporation organized under the laws of the State of California. Compl. ¶ 1. Plaintiff is the owner of U.S. Patent 6,397,186 ("186 Patent") entitled "Hands-Free, Voice-Operated Remote Control Transmitter," which issued on May 28, 2002. *Id.* ¶ 2. The 186 Patent is well-known in the industry and has been cited in 163 issued patents. *Id.*

Plaintiff alleges that Defendants developed, manufactured, imported, offered for sale, sold, and used voice-activated systems for controlling appliances that infringe the 186 Patent. *Id.* ¶ 4. Specifically, Plaintiff alleges that the infringing products include: Microsoft Windows 10 and Harman Kardon Invoke smart speakers, all of which use Microsoft's voice-activated virtual assistant, Cortana, to control appliances, *see id.* ¶ 4; Google Home, Google Home Mini, Google Home Max, and Google Pixel 2, all of which use Google's voice-activated virtual assistant, Google Assistant, to control appliances, *see* Google Compl. ¶ 4; Galaxy S8 and S8+, Galaxy S9 and S9+ and above, and Galaxy Note 8 and above, all of which use Samsung's voice-activated virtual assistant, Bixby, to control appliances, *see* Samsung Compl. ¶ 4; Apple iPhones (6s or later), iPads (6th generation or later and Pro), and HomePods, all of which use Apple's voice-activated virtual assistant, Siri, to control appliances, *see* Apple Compl. ¶ 4; and Amazon Echo devices, all of which use Amazon's voice-activated virtual assistant, Alexa, to control appliances, *see* Amazon Compl. ¶ 4.

On October 22, 2018, Microsoft filed a Motion to Dismiss Claims for Willful Infringement and Pre-Suit Induced Infringement (Dkt. 17). On October 12, 2018, Google filed a Motion to Dismiss Case (Google Action, Dkt. 22).

On December 11, 2018, Plaintiff filed a Motion to Consolidate the aforementioned five cases (Dkt. 23). On January 14, 2019, the Court granted Plaintiff's Motion to

---

[1] Plaintiff's Complaint in *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx) mirrors the Complaints in the remaining four cases, which have since been consolidated with this case. Accordingly, the background as articulated in the Complaint (Dkt. 1) remains applicable.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-1293-DOC (DFMx)                    Date: February 21, 2019
                                                                    Page 3

Consolidate on January 14, 2019 (Dkt. 29), consolidated the five cases under the low case number, *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx), and appointed Judge Jim L. Smith as Special Master. Additionally, the Court took Microsoft's Motion to Dismiss under submission, and referred Google's Motion to Dismiss to Judge Layn Phillips (Dkt. 29).

On November 30, 2018, Google filed two Petitions for *Inter Partes* Review of the 186 Patent with the Patent Trial and Appeal Board ("PTAB") (Dkt. 34-3 and 34-4), pursuant to 35 U.S.C. §§ 311, *et seq*, arguing that the prior art rendered claims 1–20 and 21–55 of the 186 Patent obvious.

On January 22, 2019, Google filed the instant Motion to Stay ("Motion" or "Mot.") (Dkt. 34). On January 28, 2019, Microsoft, Samsung, Apple, and Amazon joined in Google's Motion (Dkt. 37). Plaintiff opposed ("Opposition") on February 4, 2019, and Defendants filed a joint reply ("Reply") on February 11, 2019.

## II.    Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F. 2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). "To be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing PTAB patent reexaminations—even if the reexaminations are relevant to the infringement claims before the Court." *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, NO C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014).

To determine where to stay a case pending *inter partes* review ("IPR"), courts in this district typically consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). The three factors "are not exhaustive, however, as the decision whether to order a stay must be based on the totality of the circumstances." *Polaris Innovations Limited v. Kingston Technology Company, Inc.*, No. SACV 16-00300-CJC (RAOx), 2016 WL 7496740, at *1 (C.D. Cal. November 17, 2016). *See also Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316-JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. April 9, 2009) (citations omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-1293-DOC (DFMx)                    Date: February 21, 2019
                                                     Page 4

### III.    Discussion

Under the totality of the circumstances in this action, a stay is not warranted at this time. In contrast to other motions to stay previously before this Court, a scheduling order has been issued, a motion to consolidate has been decided, and a trial date has been set in the instant action. *Cf Limestone v. Micron Technology*, No. SA CV 15-00278-DOC (RNBx), 2016 WL 3598109, at *2 (C.D. Cal. January 12, 2016) (noting that no trial date had been set). The parties and the Court have also "expended non-trivial resources into this litigation," *Polaris*, 2016 WL 7496740 at *2; in addition to issuing a scheduling order, the Court has referred Google's motion to dismiss to Judge Phillips, and has taken Microsoft's motion to dismiss under submission. Though trial will not commence until next year, the litigation has proceeded significantly since the filing of the Complaint, counseling against a stay of the action.

Defendants argue Google's IPR petitions will be resolved promptly and in their favor, *see* Mot. at 12, yet the PTAB has not even yet decided whether to institute an IPR.[2] Thus far Google has merely petitioned for IPR pursuant to 35 U.S.C. §§ 311, *et seq* (Dkt. 34-3 and 34-4). Once a petition for IPR is filed, the patent owner has the right to file a preliminary response to the petition, arguing for why an IPR should not be instituted. *See* 35 U.S.C. § 313. The Director of the PTAB then has three months to decide whether to grant the petition, and may only do so if the petition "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. Google seeks IPR for more than fifty claims, and the PTAB may decide to review some or none of the challenged claims. As a result, "any simplification [of the action] as a result of PTAB proceedings is inherently speculative." *Polaris*, 2016 WL 7496740 at *2. Accordingly, stay of the instant action is not warranted because it appears "based on nothing more than the fact that a petition for *inter partes* review was filed." *Polaris*, 2016 WL 7496740 at *2 (quoting *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

---

[2] Defendants compare the instant action to *Limestone*, in which this Court did grant a stay due to an IPR petition. However, as noted above, a scheduling order setting a trial date had not yet issued in *Limestone* when the court stayed the action. *See Limestone*, 2016 WL 3598109, at *2. Moreover, despite assurances that a stay would be short, the Court's proceedings in *Limestone* were stayed for approximately ten months. *See Limestone*, No. SA CV 15-00278-DOC (RNBx) (Dkt. 69, Dkt. 76) (stay was issued January 12, 2016 and lifted November 6, 2016). Accordingly, at this stage in the instant action, where an IPR has not been instituted regarding the 186 Patent, the Court declines to grant a stay.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-1293-DOC (DFMx)                                        Date: February 21, 2019
                                                                                                        Page 5

  Considering the totality of the circumstances, the Court finds a stay is not appropriate at this time, particularly given that the PTAB has yet to decide whether to institute the IPR on claims 1–20 and 21–55 within the 186 Patent. The Court thus DENIES WITHOUT PREJUDICE Defendants' Motion to Stay.

## IV. Disposition

  For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Defendants' Motion to Stay Pending Determination of *Inter Partes* Review of the Patent-in-Suit.

  The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                           Initials of Deputy Clerk: djl