(Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEAKWARE, INC.,<br>                    Plaintiff,<br>        v.<br>MICROSOFT CORP.,<br>                    Defendant. | Civil Action No.<br>8:18-cv-01293-DOC (DFMx)<br>**Lead case**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>Hon. Judge David O. Carter<br>Date: June 24, 2019<br>Time: 8:30 a.m.<br>Courtroom: 9D |
| SPEAKWARE, INC.,<br>                    Plaintiff,<br>        v.<br>GOOGLE LLC,<br>                    Defendant. | Civil Action No.<br>8:18-cv-01299-DOC (DFMx) |

1 | SPEAKWARE, INC.,                          | Civil Action No.
2 |                    Plaintiff,              | 8:18-cv-01300-DOC (DFMx)
  |          v.
3 |
4 | SAMSUNG ELECS. CO., LTD. and
  | SAMSUNG ELECS. AMERICA, INC.
5 |                 Defendants.

6 | SPEAKWARE, INC.,                          | Civil Action No.
7 |                    Plaintiff,              | 8:18-cv-01302-DOC (DFMx)
  |          v.
8 |
9 | APPLE INC.,
  |                    Defendant.
10 |

11 | SPEAKWARE, INC.,                         | Civil Action No.
   |                    Plaintiff,            | 8:18-cv-01303-DOC (DFMx)
12 |          v.
13 |
14 | AMAZON.COM, INC.,
   |                    Defendant.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND ................................................................................. 2

III.  LEGAL STANDARDS ....................................................................... 5

IV.   ARGUMENT ...................................................................................... 6

    A.    The Early Stage Of The Litigation Strongly Favors A Stay ................. 6

    B.    The Pending IPRs Will Resolve Or Simplify The Issues For Trial ....................................................................................... 7

    C.    A Stay Will Not Unduly Prejudice Or Tactically Disadvantage SpeakWare ............................................................ 10

V.    CONCLUSION ................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Aten Int'l Co. v. Emine Tech. Co.*,
2010 WL 1462110 (C.D. Cal. Apr. 12, 2010)........................................................6

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) .............................................................................9

*Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*,
2014 WL 4638170 (C.D. Cal. May 8, 2014)........................................................11

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
2016 WL 7507760 (C.D. Cal. Sept. 12, 2016)......................................................11

*Dietz v. Bouldin*,
136 S. Ct. 1885 (2006) ...........................................................................................5

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ..............................................................................5

*Game & Tech. Co. v. Riot Games, Inc.*,
2016 WL 9114147 (C.D. Cal. Nov. 4, 2016) .......................................................11

*Krippelz v. Ford Motor Co.*,
667 F.3d 1261 (Fed. Cir. 2012) ..............................................................................9

*Limestone Memory Sys. LLC v. Micron Tech., Inc.*,
2016 WL 3598109 (C.D. Cal. Jan. 12, 2016).......................................6, 7, 10, 11

*Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*,
No. SACV 17-01914-CJC-JPR (C.D. Cal. Jan. 2, 2019)......................................6

*Mophie, Inc. v. uNu Elecs. Inc.*,
2014 WL 6775768 (C.D. Cal. Dec. 1, 2014) .........................................................6

*Nichia Corp. v. Vizio, Inc.*,
2018 WL 2448098 (C.D. Cal. May 21, 2018)................................................5, 6, 7

*Research in Motion, Ltd. v. Visto Corp.*,
545 F. Supp. 2d 1011 (N.D. Cal. 2008)................................................................11

*SAS Inst. Inc. v. Iancu*,
138 S. Ct. 1348 (2018) ...........................................................................................8

*SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enters., LLC*,
2017 WL 5952166 (C.D. Cal. Sept. 27, 2017).............................................10, 12

*Skip Hop, Inc. v. Munchkin, Inc.*,
2016 WL 7042093 (C.D. Cal. Mar. 15, 2016) .....................................................11

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

*SpeakWare, Inc. v. Google LLC,*
    Case No. 8:18-cv-01299 ................................................................. 4, 12

4

5

*Universal Elecs., Inc. v. Universal Remote Control, Inc.,*
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ........................................... 5, 6

6

**STATUTES**

7

35 U.S.C. § 101 ...................................................................................... 4

8

35 U.S.C. § 315(e)(2) ............................................................................ 9

9

35 U.S.C. § 316(a)(11) .......................................................................... 3

10

**OTHER AUTHORITIES**

11

77 Fed. Reg. 48,680 ............................................................................. 13

12

77 Fed. Reg. 48,757 .............................................................................. 4

13

**REGULATIONS**

14

37 C.F.R. § 42.100(b) (amended Oct. 11, 2018) ................................. 10

15

37 C.F.R. § 42.100(c) ............................................................................ 3

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **I.    <u>INTRODUCTION</u>**

2        The Court denied Defendants' prior stay motion "particularly given that the

3 PTAB ha[d] yet to decide whether to institute the IPR on claims 1–20 and 21–55

4 within the 186 Patent."  Dkt. 55 at 5.  The PTAB has now instituted Google's two

5 *inter partes* review ("IPR") petitions, finding that Google "demonstrates a

6 reasonable likelihood of prevailing" against all 55 claims of the '186 Patent.

7 Additionally, three other Defendants, Microsoft, Apple, and Amazon, filed IPR

8 petitions presenting independent grounds of invalidity, and the remaining

9 Defendant, Samsung, intends to request joinder in Google's IPR proceedings.  In

10 light of these developments, the consolidated action should be stayed pending final

11 resolution of the pending IPR petitions.

12        All three relevant factors strongly support a stay.  First, the litigation remains

13 in its infancy.  No claim construction briefing has occurred, fact discovery is in its

14 early stages, no depositions have occurred, and expert discovery has not started.

15 Institution decisions on all pending IPRs will occur by November 2019, and a final

16 written decision on Google's IPRs will issue by May 2020.

17        Second, the IPR proceedings will simplify this litigation—if not eliminate the

18 need for litigation entirely.  The PTAB instituted Google's two IPR petitions

19 challenging all 55 claims of the '186 Patent, and six other IPR petitions—filed by

20 Defendants Microsoft, Apple, and Amazon and non-party Unified Patents—present

21 independent grounds of invalidity for all claims.  The institution decisions on

22 Google's IPRs and the strength of the other six IPRs demonstrate the high

23 probability that the asserted claims will be invalidated.  And to the extent any

24 claims survive these eight IPR proceedings, the Court and the Parties will benefit

25 from the arguments of the Parties and findings of the PTAB narrowing this case.

26        Conversely, if the litigation is not stayed, the IPR proceedings could moot

27 issues that the Court has already decided or require the Court and the Parties to

28 revisit those issues.  For example, the Court would hear claim construction and

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1   summary judgment arguments weeks before the deadline for final written decisions

2   in Google's instituted IPRs—decisions that could invalidate all claims of the '186

3   Patent and render moot all of the resources expended by the Court and the Parties.

4   Even if any claims survived all the challenges presented in the IPRs, all of the final

5   written decisions will be part of the file history of the '186 Patent and may require

6   reevaluation of any claim constructions and/or summary judgment rulings issued by

7   this Court before those IPR decisions.  Not staying this case would complicate the

8   issues to be decided, requiring significant additional work by the Parties and the

9   Court to address the impact of the IPRs.

10   Third, SpeakWare will not be prejudiced by the requested stay.  SpeakWare

11   is a non-practicing entity and, thus, will not suffer any prejudice or tactical

12   disadvantage from a brief delay of the litigation.

13   To save the Court and the Parties needless effort and expense, Defendants

14   respectfully request that the Court stay this action pending resolution of the IPRs

15   challenging the '186 Patent.

16   **II.   BACKGROUND**

17   The present litigation is a consolidation of five cases filed by SpeakWare on

18   July 26, 2018, against Defendants Microsoft, Google, Samsung, Apple, and

19   Amazon.  Dkt. 29.

20   On February 21, 2019, the Court denied without prejudice a motion to stay

21   pending *inter partes* review filed by Google and joined by the remaining

22   Defendants, particularly because Google's IPRs had yet to be instituted.  Dkt. 55

23   at 5.  Since the Court decided Google's motion, Google's IPRs have been instituted

24   and five additional IPR petitions have been filed.

25   Google's Instituted IPR Petitions.  On November 30, 2018, just four months

26   after SpeakWare filed its Complaints and a little over a month after Google

27   responded to the Complaint, Google filed two IPR petitions challenging all claims

28   of the '186 Patent.  On May 14, 2019, the PTAB instituted both of Google's IPR

2

1   petitions, finding that Google "demonstrates a reasonable likelihood of prevailing"

2   against all 55 claims of the '186 Patent.  Exs. A and B[1] (Institution Decisions in

3   IPR2019-00340 and IPR2019-00342).  The following table summarizes the

4   instituted petitions, deadlines, and prior art asserted.

| IPR No. and Petitioner | Filing Date | Final Written Decision Deadline[2] | Claims Challenged | Prior Art Asserted |
|---|---|---|---|---|
| IPR2019-00340 (Google) | 11/30/18 | 5/14/20 | 1-20 | U.S. 5,802,467 ("Salazar") U.S. 5,983,186 ("Miyazawa") U.S. 6,012,027 ("Bossemeyer") U.S. 5,008,094 ("Oppendahl") U.S. 5,459,792 ("Reichel") U.S. 6,425,086 ("Clark") U.S. 5,583,965 ("Douma") |
| IPR2019-00342 (Google) | 11/30/18 | 5/14/20 | 21-55 | Salazar, Miyazawa, Bossemeyer, Oppendahl, Reichel, Douma |

15      <u>Pending IPR Petitions</u>.  In addition to the IPR petition filed by non-party

16   Unified Patents that was pending when the Court considered the initial motion to

17   stay, Defendants Microsoft, Apple, and Amazon have now also filed IPR petitions.

18   Each of these petitions asserts independent grounds of invalidity, providing distinct

19   bases demonstrating that the claims of the '186 Patent are invalid.  The PTAB will

20   issue institution decisions on these petitions on a rolling basis in the next six

21   months.  The following table summarizes the pending petitions, deadlines, and prior

22   art asserted.

---

[1] All exhibits referenced herein are attached to the Declaration of Bill Trac in Support of Defendants' Renewed Motion To Stay, filed concurrently herewith.

[2] The PTAB's final written decisions are due no later than one year after institution. *See* 37 C.F.R. § 42.100(c); *see also* 35 U.S.C. § 316(a)(11).

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

| IPR No. and Petitioner | Filing Date | Institution Decision Deadline[3] | Claims Challenged | Prior Art Asserted |
|---|---|---|---|---|
| IPR2019-00495 (Unified Patents) | 12/27/18 | 8/7/19 | 1-4, 7, 9-10, 12, 14, 16-21, 23-26, 28-31, 39, 41, 43 | WO 94/03020 ("Bissonnette") U.S. 6,591,239 ("McCall") U.S. 5,774,841 ("Salazar") Miyazawa |
| IPR2019-00758 (Microsoft) | 03/11/19 | 9/22/19 | 1-20 | U.S. 6,119,088 ("Ciluffo") JP H10-319991 A ("Kubota") U.S. 6,208,341 ("van Ee") Reichel, Miyazawa |
| IPR2019-00792 (Microsoft) | 03/11/19 | 9/22/19 | 21-55 | Ciluffo, Kubota, van Ee, Reichel, Miyazawa |
| IPR2019-00874 (Apple) | 04/03/19 | 10/17/19 | 1-20, 41-55 | JP Pub. 2708566 ("Tetsuo") U.S. 5,684,924 ("Stanley") U.S. 6,584,439 ("Geilhufe") U.S. 6,535,854 ("Buchner") Bissonnette |
| IPR2019-00875 (Apple) | 04/03/19 | 10/17/19 | 21-40 | U.S. 4,052,568 ("Jankowski") Tetsuo, Stanley, Geilhufe, Bissonnette |
| IPR2019-00999 (Amazon) | 04/19/19 | 11/9/19 | 1-39, 41-55 | U.S. 5,771,064 ("Lett") U.S. 5,774,859 ("Houser") WO 94/03017 ("Fischer") Stanley |

Finally, Samsung intends to request joinder in Google's already instituted IPRs no later than June 14, 2019.

Currently pending before the Court is Google's challenge to the patentability of the '186 Patent under 35 U.S.C. § 101.  On October 12, 2018, Google filed a motion to dismiss, arguing that the claims of the '186 Patent recite unpatentable subject matter.  *SpeakWare, Inc. v. Google LLC*, Case No. 8:18-cv-01299

---

[3] The PTAB must issue its institution decision no later than three months after the Patent Owner files a Preliminary Response.  PTAB Trial Practice Guide, 77 Fed. Reg. at 48,757.  The dates listed assume that the Patent Owner files its Preliminary Response on the last possible day.

MEMO. ISO DEFENDANTS' MOTION TO STAY PENDING IPR 8:18-CV-01293-DOC(DFMx)

("*SpeakWare v. Google*"), Dkt. 22.  On January 23, 2019, the Court referred Google's motion to Judge Layn Phillips, acting as a Special Master.  Dkt. 36.  On March 11, 2019, Judge Phillips issued an order denying Google's motion without prejudice, finding a disputed issue of fact.  Dkt. 56-1.  Google filed objections to Judge Phillips' decision, with a hearing before this Court scheduled for June 3, 2019.  Dkt. 59.

Pursuant to the Court's January 15, 2019 Scheduling Order (Dkt. 31) and the Parties' January 20, 2019 Joint Proposed Scheduling Order (Dkt. 32-1), opening claim construction briefs are due July 22, 2019, a claim construction and summary judgment hearing is set for April 27, 2020, and trial is set for July 14, 2020.  Dkt. 32-1.

## III.   LEGAL STANDARDS

This Court considers three factors in determining whether to stay a case pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Nichia Corp. v. Vizio, Inc.*, 2018 WL 2448098, at *1 (C.D. Cal. May 21, 2018) (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)).  While the Court uses a three-factor test, "the totality of the circumstances governs."  *Id.*  District courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Id.* (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2006)); *see Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

Courts have identified several benefits from a stay pending review by the PTO, including: (1) allowing the PTO, with its particular expertise, to consider prior art and invalidity issues before they are presented to the Court; (2) alleviating discovery problems relating to invalidity issues; (3) encouraging settlement without

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1 further use of the Court; (4) limiting the issues, defenses, and evidence at pretrial

2 conferences and at trial; (5) reducing the costs and burdens for both the parties and

3 the Court; and (6) avoiding the possibility of inconsistent results on the invalidity

4 issues considered by the PTAB. *See Mophie, Inc. v. uNu Elecs. Inc.*, 2014 WL

5 6775768, at *4 (C.D. Cal. Dec. 1, 2014). "'There is a liberal policy in favor of

6 granting motions to stay proceedings pending the outcome' of re-examination,

7 especially in cases that are still in the initial stages of litigation and where there has

8 been little or no discovery." *Nichia*, 2018 WL 2448098, at *5 (quoting *Universal*

9 *Elecs.*, 943 F. Supp. 2d at 1031).

10 **IV.    ARGUMENT**

11      All three factors strongly favor an immediate stay of this litigation.  This

12 consolidated case is in the early stages—discovery has just begun, no depositions

13 have been scheduled, and claim construction briefing has yet to commence.

14 Google's two instituted IPRs and potentially the additional six pending IPRs will

15 simplify, if not eliminate, this litigation.  And SpeakWare is a non-practicing entity

16 that will not be prejudiced in its ability to recover any appropriate monetary

17 damages, the sole remedy it seeks.

18      **A.    The Early Stage Of The Litigation Strongly Favors A Stay**

19      The first factor favors a stay because the SpeakWare litigation is still in its

20 infancy.  When analyzing this factor, this Court considers "whether discovery is

21 complete and whether a trial date has been set." *Limestone Memory Sys. LLC v.*

22 *Micron Tech., Inc.*, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016) (citing *Aten*

23 *Int'l Co. v. Emine Tech. Co.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).

24 "The Court's expenditure of resources is an important factor in evaluating the stage

25 of the proceedings." *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*, No.

26 SACV 17-01914-CJC-JPR (C.D. Cal. Jan. 2, 2019) (quoting *Universal Elecs.*, 943

27 F. Supp. 2d at 1031).  Similarly, courts examine whether "there is more work ahead

28

6

1  of the parties and the Court than behind the parties and the Court." *Limestone*,

2  2016 WL 3598109, at *3.

3      While some work has been done since Google filed its initial motion to

4  stay—infringement and invalidity contentions and further activity on Google's

5  motion to dismiss—far more work lies ahead.  Fact discovery remains in its

6  infancy, with the Parties still conferring on the first round of discovery that

7  SpeakWare served in December 2018.  Document collection and production is just

8  beginning, and no depositions have taken place or been scheduled.  No claim

9  construction briefing has occurred.  Expert discovery has not yet commenced, and

10  no expert reports have been served.  Summary judgment and *Daubert* motions also

11  lie ahead.  While a trial date has been set, that date is not until July 14, 2020, two

12  months ***after*** the May 14, 2020 deadline for a final written decision in Google's

13  instituted IPRs.  In short, the bulk of the work in this litigation has yet to be done,

14  and a stay now would save the Court and the Parties considerable resources that

15  will otherwise be expended on issues of fact and expert discovery, claim

16  construction, and summary judgment.  *See Nichia*, 2018 WL 2448098, at *2

17  (granting a stay pending IPR where "significant judicial resources will likely be

18  saved by a stay").

19      The stage of the litigation weighs heavily in favor of a stay.

20      **B.    The Pending IPRs Will Resolve Or Simplify The Issues For Trial**

21      There is a high likelihood that all claims of the '186 Patent will be

22  invalidated—potentially on multiple grounds—by the eight pending IPR

23  proceedings, given the strength of the Institution Decisions in Google's IPRs and of

24  the independent invalidity arguments presented in the other IPRs.  Even if some

25  claims survive these IPRs, this litigation will be simplified and streamlined in view

26  of statements made by SpeakWare and decisions issued by the PTAB.

27      First, Google's instituted IPR petitions alone are likely to resolve or simplify

28  this litigation.  The PTAB's Institution Decisions explain that Google

7

"demonstrate[d] a reasonable likelihood of prevailing" on **all 55 claims** of the '186 Patent.  Exs. A and B.  The PTAB's detailed decisions demonstrate the strength of Google's petitions.  In particular, since the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348, 1360 (2018), the PTAB must institute a petition if it finds that the petitioner is reasonably likely to prevail on only a single claim.  But here, the PTAB did not end its analysis after finding that Google was reasonably likely to prevail on one claim in each petition.  Instead, the PTAB performed a detailed analysis of every claim of the '186 Patent, rejected SpeakWare's arguments against institution, and found that Google's petitions were reasonably likely to invalidate every single claim.

Current PTO statistics show that, considering all final written decisions issued from completed IPRs, 81% of instituted IPRs resulted in the cancellation of at least some claims and 63% resulted in the cancellation of all claims.[4]  Based on these statistics and considering only Google's instituted IPRs, there is approximately a two-in-three chance of all claims of the '186 Patent being invalidated and a four-in-five chance of some claims being invalidated.

Second, the likelihood of invalidation is even higher in this case because six additional IPRs have been filed challenging the '186 Patent.  Microsoft's IPRs present the combination of Ciluffo and Kubota.  Exs. C and D at 2.  Apple's IPRs combine Tetsuo with Bissonnette.  Exs. E and F at 4.  Amazon's IPR combines Lett with Houser (which Lett incorporates by reference).  Ex. G at 11.  And Unified Patents' IPR combines Bissonnette and Miyazawa.  Ex. H at 7.  Each IPR provides distinct arguments for why the claims of the '186 Patent are anticipated and rendered obvious by the prior art, further increasing the likelihood that some or all claims will be invalidated by the PTAB.

---

[4] *See* Ex. I, Trial Statistics, IPR, PGR, CBM, April 2019, *available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_apr_2019.pdf, at 10.

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

Third, even if some of the '186 Patent claims survive all eight IPRs, a stay will still simplify the case.  For example, claims that are invalidated will not need to be litigated here.  That would eliminate the need for the Court to construe terms in those claims, and for the parties to gather and produce evidence on the questions of noninfringement and invalidity.  In addition, if the PTAB issues a final written decision affirming the patentability of any claims, the petitioner will be estopped from arguing to this Court that those claims are invalid based on any ground the petitioner "raised or reasonably could have raised" during the IPRs.  *See* 35 U.S.C. § 315(e)(2).  Since Defendants' initial motion for stay was decided, each Defendant except Samsung has filed one or more IPR petition and will be bound by any resulting estoppel.  And if the Court enters the requested stay, Samsung agrees to be bound by estoppel based on the outcome of Google's IPR petitions to the same extent as Google.  Moreover, Samsung intends to request joinder in Google's already instituted IPRs.  Thus, estoppel may attach to all Defendants at the conclusion of the IPR proceedings for any surviving claims.

Fourth, to the extent any claims survive, the IPR proceedings will add valuable information to the record regarding the '186 Patent, including with respect to claim construction.  SpeakWare's submissions to the PTAB affect the file history of the '186 Patent and can narrow the scope of any claims that survive review.  *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer."); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer").  Thus, the file history of the '186 Patent—and the scope of its claims—will remain in flux until completion of all IPRs.  Further, statements made to the PTAB shed more light on the issues in this litigation, now that IPR

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1  proceedings apply the same *Phillips* claim construction standard used in federal

2  court.  37 C.F.R. § 42.100(b) (amended Oct. 11, 2018).  In addition, a stay

3  guarantees that this Court will have the benefit of the PTAB's expertise regarding

4  prior art and invalidity issues.  *See SCA Hygiene Prods. Aktiebolag ("AB") v.*

5  *Tarzana Enters., LLC*, 2017 WL 5952166, at *4 (C.D. Cal. Sept. 27, 2017).

6       Without a stay, this Court will hear claim construction and summary

7  judgment issues on April 27, 2020, just weeks before the May 14, 2020 deadline for

8  final written decisions in Google's instituted IPRs—decisions that could invalidate

9  all claims of the '186 Patent and render moot all of the resources expended by the

10  Court and the Parties.  Even if any claims survive all the challenges presented in the

11  IPRs, all of the final written decisions will be part of the file history of the '186

12  Patent and may require reevaluation of any claim constructions and/or summary

13  judgment rulings issued by this Court before those IPR decisions.  Therefore, not

14  only would a stay resolve or simplify the issues, but the inverse is also true—the

15  lack of a stay will complicate the issues, requiring significant additional work by

16  the Parties and the Court to address the impact of the IPRs.  Accordingly, it makes

17  sense to stay this consolidated action until all IPR proceedings are complete,

18  ensuring that the entire intrinsic record of the '186 Patent will be available to the

19  Court and the Parties before considering these issues, to the extent the litigation is

20  not mooted in its entirety.

21       Because a stay pending completion of the IPRs would resolve or significantly

22  simplify the issues for claim construction, summary judgment, and trial under any

23  outcome of the proceedings, this factor weighs strongly in favor of a stay.

24  **C.    A Stay Will Not Unduly Prejudice Or Tactically Disadvantage**

25  **SpeakWare**

26       The final factor also favors granting Defendants' motion because a stay

27  would not unduly prejudice or present a clear tactical disadvantage to SpeakWare.

28  "Mere delay in the litigation does not establish undue prejudice."  *Limestone*, 2016

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1   WL 3598109, at *5 (citing *Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d

2   1011, 1012 (N.D. Cal. 2008)); *Skip Hop, Inc. v. Munchkin, Inc.*, 2016 WL 7042093,

3   at *3 (C.D. Cal. Mar. 15, 2016) (same).

4        SpeakWare's "status as a non-practicing entity weighs in favor of a stay."

5   *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760,

6   at *2 (C.D. Cal. Sept. 12, 2016).  SpeakWare does not claim to practice the asserted

7   patent or to design, make, or sell any products.  *See, e.g.*, Dkt. 1.  To the contrary,

8   SpeakWare admits that its sole source of revenue is license fees.  Dkt. 51 at 12.

9   SpeakWare only registered as a corporation on July 12, 2018, two weeks before

10  filing complaints against each of the five Defendants.  *See* Ex. J.

11       Courts in this district have repeatedly held that there is no undue prejudice

12  when the plaintiff is a non-practicing entity because "any damages [the plaintiff]

13  may ultimately prove will likely be compensable" through a monetary award.

14  *Limestone*, 2016 WL 3598109, at *5; *Core Optical*, 2016 WL 7507760, at *2 (no

15  undue prejudice where plaintiff "can adequately be compensated with monetary

16  damages for any infringement and will not lose sales or market shares as a result of

17  a stay"); *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, 2014 WL 4638170,

18  at *7 (C.D. Cal. May 8, 2014) ("Plaintiff is a patent licensing company and does

19  not compete directly with Defendants, so monetary damages will sufficiently

20  compensate Plaintiff for any delay caused by a stay.").  "[T]he general prejudice of

21  having to wait for resolution is not a persuasive reason to deny a motion for stay."

22  *Game & Tech. Co. v. Riot Games, Inc.*, 2016 WL 9114147, at *4 (C.D. Cal. Nov. 4,

23  2016).

24       Indeed, SpeakWare itself has shown no urgency in pursuing its patent

25  infringement claims, suggesting that it will not be unduly prejudiced by waiting for

26  the outcome of the IPR proceedings.  SpeakWare has not argued that it is suffering

27  or will suffer from any irreparable harm, has made no attempt to seek a preliminary

28  injunction, and does not seek permanent injunctive relief in any of its Complaints.

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1  *See* Dkt. 1 at 15; *SpeakWare v. Google*, Dkt. 1 at 15; *SpeakWare v. Samsung*, Dkt.

2  1 at 15; *SpeakWare v. Apple*, Dkt. 1 at 20; *SpeakWare v. Amazon*, Dkt. 1 at 16.

3  And the '186 Patent expires on December 22, 2019, ensuring that monetary

4  damages for past infringement will be the only form of relief available.

5       Moreover, SpeakWare and its predecessors-in-interest failed to assert the

6  '186 Patent in a timely manner.  Many of the accused products in this litigation are

7  long-standing consumer electronics, well known to the general public.  The accused

8  Amazon Echo, for example, was released around November 2014, more than four

9  years ago.[5]  The accused Apple iPhone 6S, which includes the Siri virtual assistant,

10  was released around September 2015.[6]  Yet neither SpeakWare nor its

11  predecessors-in-interest attempted to contact any of the Defendants regarding

12  licensing, instead waiting until July 2018 to file suit.  Such delay confirms that

13  resolution of SpeakWare's claims is not genuinely urgent.  "Seeing as how

14  [plaintiff] delayed in bringing this action in the first place, its arguments of

15  prejudice are unpersuasive."  *SCA Hygiene*, 2017 WL 5952166, at *5 (three-year

16  delay between patent issuance and filing of suit undercut plaintiff's claims of undue

17  prejudice).  SpeakWare cannot show any undue prejudice caused by waiting for the

18  PTAB's final written decisions in Google's IPRs, due in less than one year, or in

19  any of the remaining IPRs that are instituted, expected in less than 18 months.  If

20  any of the remaining IPRs are not instituted, they will be resolved within six

21  months—before Google's IPRs—so they will not add to the length of the stay.

22       Finally, Defendants promptly filed IPR petitions and pursued a motion to

23  stay.  Each pending IPR petition was filed well before the one-year statutory

24  deadline and no more than a month after SpeakWare served its infringement

25  ───────────────

[5] *See* Computerworld, "Why Amazon Echo is the future of every home" (Nov. 8,

26  2014), *available at* https://www.computerworld.com/article/2844509/why-amazon-echo-is-the-future-of-every-home.html.

27  [6] *See* "Apple Introduces iPhone 6s & iPhone 6s Plus," *available at*

28  https://www.apple.com/newsroom/2015/09/09Apple-Introduces-iPhone-6s-iPhone-6s-Plus/.

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1    contentions.  Indeed, Google's IPR petitions were filed just four months after

2    SpeakWare filed suit.  And Defendants moved promptly to seek a stay of the

3    litigation.  Google filed its initial motion to stay less than two months after filing its

4    IPR petitions, and Defendants met and conferred with SpeakWare and filed this

5    renewed motion for stay just three and ten days, respectively, after the PTAB issued

6    its Institution Decisions.

7    Rather than causing prejudice, a stay will allow the Court and the Parties to

8    benefit from the PTAB's expertise and the IPR process—"a more efficient and

9    streamlined patent system that will improve patent quality and limit unnecessary

10   and counterproductive litigation costs."  77 Fed. Reg. 48,680-01.

11   **V.    CONCLUSION**

12   All three factors weigh strongly in favor of staying this consolidated case:

13   (1) the case is still in the early stages; (2) the stay will eliminate or streamline issues

14   for trial regardless of the PTAB's decisions; and (3) the stay will not cause undue

15   prejudice to SpeakWare.  The Court should, therefore, grant Defendants' motion

16   and stay this case pending final resolution of all pending IPRs.

17

18   Dated: May 24, 2019                    Respectfully submitted,

19
                                           By:  _/s/ Luann L. Simmons_____
20                                         DARIN W. SNYDER (SBN 136003)
                                           dsnyder@omm.com
21                                         LUANN L. SIMMONS (SBN 203526)
                                           lsimmons@omm.com
22                                         DAVID ALMELING (SBN 235449)
                                           dalmeling@omm.com
23                                         BILL TRAC (SBN 281437)
                                           btrac@omm.com
24                                         O'MELVENY & MYERS LLP
                                           Two Embarcadero Center, 28th Floor
25                                         San Francisco, California 94111-3823
                                           Telephone:  (415) 984-8700
26                                         Facsimile:  (415) 984-8701
                                           *Attorneys for Defendant Google LLC*
27

28

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   */s/ Michael Song*
MICHAEL SONG (SBN 243675)
michael.song@ltlattorneys.com
HEATHER F. AUYANG (SBN 191776)
heather.auyang@ltlattorneys.com
LTL ATTORNEYS LLP
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  213-612-8900
Fax:  213-612-3773
*Attorneys for Defendant Microsoft
Corporation*

By:   */s/ Jin-Suk Park*
JIN-SUK PARK (*pro hac vice*)
jin.park@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Tel. (202) 942-5000
Fax (202) 942-5999

RYAN M. NISHIMOTO (SBN 235208)
ryan.nishimoto@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP 777 S. Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
*Attorneys for Defendants Samsung
Electronics Co., Ltd. and Samsung
Electronics America, Inc.*

*By: /s/ Bita Rahebi*
BITA RAHEBI (SBN 209351)
BRahebi@mofo.com
HECTOR G. GALLEGOS (SBN 175137)
HGallegos@mofo.com
NICHOLAS RYLAN FUNG (SBN 312400)
NFung@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

RICHARD S.J. HUNG (SBN 197425)
RHung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
*Attorneys for Defendant Apple Inc.*

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Jeremy A. Anapol
JOSEPH R. RE (SBN 134479)
joe.re@knobbe.com
JOSEPH S. CIANFRANI (SBN 196186)
joe.cianfrani@knobbe.com
JEREMY A. ANAPOL (SBN 285828)
jeremy.anapol@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
*Attorneys for Defendant Amazon.com, Inc.*

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)

1                                  **ECF ATTESTATION**

2          I, Luann Simmons, am the ECF User whose ID and password are being used

3 to file **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

4 **OF DEFENDANTS' RENEWED MOTION TO STAY PENDING INTER**

5 **PARTES REVIEW.** In accordance with Local Rule 5-4.3.4, concurrence in and

6 authorization of the filing of this document has been obtained from all of the

7 signatories listed above.

8   Dated: May 24, 2019               O'MELVENY & MYERS LLP

9

10

11                              By:   */s/ Luann L. Simmons*

                                    Luann L. Simmons

12                                     Attorneys for Defendant

13                                     GOOGLE LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO. ISO DEFENDANTS'
MOTION TO STAY PENDING IPR
8:18-CV-01293-DOC(DFMx)